UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JONI D. CHRISTIANSON, )<br>)<br>  Plaintiff, )<br>)<br>  vs. )<br>)<br>CAROLYN W. COLVIN, Acting )<br>Commissioner of Social Security )<br>Administration, )<br>)<br>  Defendant. ) | No. 2:13-cv-00259-JMS-MJD |

## ENTRY DISMISSING ACTION

This action seeks judicial review of the denial of Plaintiff Joni Christianson's applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The Acting Commissioner of the Social Security Administration, Carolyn Colvin, has filed a Motion to Dismiss or Alternatively for Summary Judgment. [Dkt. 13.] The motion is straightforward; it asserts that Plaintiff Joni D. Christianson's claim is untimely. Specifically, the Commissioner argues that Ms. Christianson was required to file her complaint no later than July 8, 2013, in order for it to be timely. The Commissioner calculates this to be the deadline based on the fact that on June 3, 2013 the Appeals Council granted Ms. Christianson an extension of 30 days plus five days for mailing. Ms. Christianson's complaint was not filed until July 9, 2013.

Ms. Christianson did not respond to the Commissioner's motion, and the deadline for doing so has passed. The Court may therefore summarily rule on the Commissioner's motion pursuant to Local Rule 7-1(c)(4) and relevant precedent, as Ms. Christianson's

silence results in waiver of any argument that her claim was timely filed. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) (" Failure to respond to an argument – as [Ms. Christianson has] done here – results in waiver"); *Goodpaster v. City of Indianapolis*, --- F.3d ---, 2013 U.S. App. LEXIS 23924, *27-28 (7th Cir. 2013) (affirming the district court's dismissal of three claims as waived because the party "failed to present evidence or argument in favor of them," and stating "[t]hey also failed to respond to the City's arguments against these claims in their reply to the City's motion to dismiss. Because they did not provide the district court with any basis to decide their claims, and did not respond to the City's arguments, these claims are waived"). Judgment in the Commissioner's favor is therefore proper.

Should the Court disregard the non-response, it has a glimpse into Ms. Christianson's thinking on the matter: her complaint alleges that "the administrative counsel requested extensions of time to file a civil action (attached as Exhibit A), which have not yet been ruled on. However, pursuant to HALLEX I-3-9-60, an extension will be granted where it is timely filed. Therefore, Plaintiff believes she can file through July 13, 2013 pursuant to the requested extension, and filed this complaint to avoid delay." [Dkt. 1 at 3, ¶ 8.] The Commissioner addresses this contention in the instant motion and sets forth both admissible evidence and argument effectively refuting it.

First, because the pending motion presents matters outside the pleadings, and because it was alternatively filed as a motion for summary judgment, it will be treated as such. Fed. R. Civ. P. 12(d). Having been placed on notice of the alternative nature of the motion, Ms. Christianson was required to oppose it with admissible evidence. She would not be permitted to simply rest on the allegations of her complaint.

Ms. Christianson's contention that an alleged pending second extension tolls the deadline misreads the language of HALLEX I-3-9-60, which states: "The Appeals Council ordinarily grants extensions of time for a period of 30 days. The Appeals Council may, at its discretion, decide to grant more or less time depending on the circumstances in the individual case."  http://www.ssa.gov.OP_Home/hallex/I-03/I-3-9-60.html (last viewed December 18, 2013).

The undisputed evidence in the record establishes that the only request for extension of which the Commissioner is aware is the one that was granted by the Appeals Council. Consistent with HALLEX I-3-9-60, that extension afforded Ms. Christianson her 30 days and imposed the July 8, 2013 deadline. Nothing in the cited regulation can be read to raise any expectation that the mere filing of a second request will extend the filing deadline.

For all of the foregoing reasons, the Commissioner's Motion to Dismiss or Alternatively for Summary Judgment, [dkt. 13], is **GRANTED**.  Judgment shall issue accordingly.

12/18/2013

*[signature]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Frederick J. Daley, Jr.
DALEY DISABILITY LAW
fdaley@fdaleylaw.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov